**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| RICHARD J. HEIMER, | ) | |
|    Plaintiff, | ) | **Jury Demanded** |
| | ) | |
| | ) | Judge Iain D. Johnston |
| v. | ) | |
| | ) | No. 25-cv-50250 |
| | ) | |
| CALEB BROWN, in his individual capacity; | ) | |
| EDGAR ALTAMIRANO, | ) | |
|    in his individual capacity; | ) | |
| SAM HAWLEY, in his individual capacity; | ) | |
| THOMAS FARONE, in his individual capacity; | ) | |
| PHILLIP HARRIS, in his individual capacity; and | ) | |
| THE VILLAGE OF ROSCOE; | ) | |
|    Defendants. | ) | |

## PLAINTIFF'S ANSWER TO DEFENDANTS' AFFIRMATIVE DEFENSES

1.　　Plaintiff's claims are barred in whole or in part because Plaintiff's Complaint fails to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Answer**: Defendants' First Affirmative Defense is not a proper affirmative defense. Plaintiff denies the allegations contained in Defendants' First Affirmative Defense.

2.　　Probable cause existed and supported Plaintiff's arrest, detention, and prosecution.

**Answer**: Defendants' Second Affirmative Defense is not a proper affirmative defense. Plaintiff denies the allegations contained in Defendants' Second Affirmative Defense.

1

3.      The independent investigation and charging authority of the State's Attorney broke the chain of causation of Plaintiff's unlawful pre-trial detention claim, malicious prosecution claims, and all other applicable claims.

**Answer**:  Defendants' Third Affirmative Defense is not a proper affirmative defense. Plaintiff denies the allegations contained in Defendants' Third Affirmative Defense.

4.      The individual Defendants are entitled to qualified immunity as to the claims brought against them in that their actions did not violate clearly established constitutional rights.

**Answer**:  Plaintiff denies the allegations contained in Defendants' Fourth Affirmative Defense.

5.      To the extent that Plaintiff attempts to impose liability on any Defendant for providing testimony in a legal proceeding, even including "false" testimony, that defendant or those Defendants are entitled to absolute immunity from such liability.

**Answer**: Plaintiff lacks knowledge or information sufficient to know what testimony Defendants are referring to in their Fifth Affirmative Defense. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in Defendants' Fifth Affirmative Defense.

6.      To the extent that Plaintiff attempts to impose liability on any Defendant based on conduct or decisions by any prosecutor falling within his prosecutorial function, that Defendant or those Defendants are entitled to absolute immunity from any such liability.

**Answer**:  Plaintiff denies the allegations contained in Defendants' Sixth Affirmative Defense.

7.      The Village is immune from any claims by Plaintiff for punitive or exemplary damages.

**Answer**:  Plaintiff admits that under existing law, punitive damages are not recoverable against a municipality like the Defendant Village of Roscoe.


Dated: November 21, 2025                                      **Law Office Of George M. Sanders**


                                                             By:    /s/ George M Sanders
                                                             George M. Sanders
                                                             77 W. Wacker Dr., Suite 4500
                                                             Chicago, IL  60601
                                                             312/624-7645 (tel)
                                                             312/523-2001 (fax)
                                                             gsanders@gmslaw.net
                                                             Attorney No. 6220443